Sue Ellen Tatter
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 West Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>vs.<br><br>JASON MARTIN DELPRIORE,<br><br>                 Defendant. | Case No. 3:05-cr-0057-JKS<br><br>**SENTENCING MEMORANDUM**<br>**OF THE DEFENSE** |

The defendant, JASON MARTIN DELPRIORE, through counsel, presents this memorandum for the court in aid of sentencing March 8, 2006.

**I.      FACTUAL BACKGROUND**

Jason Delpriore pled guilty to possession of two firearms in federal court. Although he is only 23, he is a convicted felon and ineligible to possess weapons.

In November 2003, police received reports of burglaries of homes in the Eagle River area. Guns, jewelry, guitars and electronic items were taken. Many of these

1

items had specific identification numbers. Police recovered some of the items from pawn shops and were looking for particular pawn tickets. On December 8, 2003, Jason was driving a borrowed Ford Bronco in the Spenard area. Police pursued him after he made an illegal turn. Jason ran from the car, but police pursued and eventually apprehended him near Northern Lights Boulevard. In the Bronco police found two stolen firearms and also other property connected to burglaries in the Eagle River area. At the time of this arrest, according to the police reports, Jason was wearing some of the jewelry which had been taken in the burglaries.

The State of Alaska charged Jason with burglary, theft of firearms and criminal mischief relating to the items in the vehicle and items in pawn shops. He pled guilty to a large number of burglaries. On July 22, 2004, he received combined sentences of eighteen years with suspended time, resulting in seven years incarceration before any eligibility for parole. (See Exhibit A, State Indictment, and Exhibit B, State Judgment.)

The firearms in the car formed the basis of the federal prosecution. They were taken from residences in Eagle River.

II.     RELATION OF THE STATE AND FEDERAL CHARGES

Both the government, at the change of plea, and the pre-sentence report writer, at paragraph 57 of the report (PSR), acknowledge that the state and federal charges are intertwined. It is the defense position, and the government agrees, that Jason Delpriore should be sentenced here to a period of time concurrent to the seven years state time he is already serving.

The state's burglary cases against Jason actually began with his arrest for illegal gun possession on December 8, 2003. Police then connected items in the Bronco, and particularly the guns, to the Eagle River burglaries. The state charge and sentencing came first. Then, on June 21, 2005, while Jason Delpriore was serving his state sentence, a federal grand jury indicted him for illegal possession of the two guns found in the Bronco on December 8, 2003.

The offense conduct, ¶¶ 4-27 of the PSR, describe the facts of the burglaries. Embedded in these facts, in ¶¶ 19, 24 and 25-27, are the facts of the illegal gun possession. The PSR, in ¶ 34, even adjusts the federal guideline calculation upward two levels. This adjustment occurs because the guidelines provide an enhanced level for three to seven firearms in U.S.S.G. § 2K2.1(b)(1)(A). The third firearm was not found in the Bronco nor clearly possessed by Jason, but was taken in a burglary. Thus the third gun is "relevant conduct" because it is a "basis for an increase in the offense level for the instant offense." 2004 U.S.S.G. § 5G1.3(b).

### III.    CONCURRENT TIME REQUIRED OR PERMITTED UNDER GUIDELINES

U.S.S.G. § 5G1.3(b) describes what type of sentence this court can impose when the defendant is serving "another sentence that is relevant conduct to the instant offense of conviction. . . ." The court **shall** run the federal sentence concurrently to the remainder of the undischarged sentence, and **shall** also adjust the sentence for any period of imprisonment for which the Bureau of Prisons would not credit the defendant.

There is no dispute here that the burglaries are "relevant conduct" to the federal firearms charge. In fact, the PSR here enhanced the defendant's offense level for a stolen firearm taken in one of the burglaries which was part of the state investigation and prosecution. The arrest for both cases occurred at the same time: December 8, 2003. The defendant has been serving time since the arrest for the state burglaries.

Under U.S.S.G. § 5G1.3(b), the court must either back up the beginning of his federal sentence to December 8, 2003, or else deduct 27 months from his federal guidelines sentence. The Bureau of Prisons, as the probation officer can probably verify, will **not** give Jason Delpriore credit for this time, because he is receiving state credit. Therefore, U.S.S.G. § 5G1.3(b)(1) requires either credit or a federal sentence running from December 8, 2003.

Even if the burglaries were not technically "relevant conduct" for the federal firearms charges, the sentencing guidelines give the court the option of imposing concurrent time. Under U.S.S.G. § 5G1.3(c), the court has discretion to run these related cases together. The court should consider the factors set for in 18 U.S.C. §§ 3584(a) and 3553(a). Application Note 3(A)(I). Since the arrest for the firearms was also arrest for the burglaries, and since the firearms charge was incidental to the burglaries, in which the three guns were taken, concurrent sentences are appropriate. To give consecutive sentences would be an unfair division of a single temporal criminal activity into various moments depending on the jurisdiction of various governments. (An analogy would be a series of state burglary charges, including burglary of a poodle, giving rising to a municipality conviction for cruelty to the poodle by removing it from the home.)

IV.     **ISSUES UNDER 18 U.S.C. § 3553(A)**

In addition to the issues of concurrent time and credit for state time served, this case presents some factors for the court to consider under the general sentencing statute, 18 U.S.S.G. § 3553(a).  Although Jason Delpriore has a serious prior record, including many juvenile offenses and a federal felony, his criminal conduct was no doubt related to his lack of youthful guidance – a poor upbringing which was so neglectful as to be abusive.  His father left the family when Jason was small.  His mother used family resources for drugs, and Jason became the caretaker for his brother and sister.  He was on the streets alone at the age of 14.  Jason has constantly rebelled against authority, not surprising when his authority figures were harmful to him.

The facts about Jason's background are described in ¶¶ 70 to 85 of the PSR. They were also described to the court in the sentencing memo for the prior federal felony, No. A00-0137-001(JKS).  These tragic facts are additional reasons why concurrent time is appropriate here.

V.      **CONCLUSION:  REQUESTED DISPOSITION**

This court should sentence Jason Delpriore to the guideline range described in the PSR, 24 to 30 months, concurrent with the state sentence.  He should receive credit, either by a 27-month deduction or by the judgment specifying credit from December 8, 2003.  Although the burglaries, including the guns stolen, constituted antisocial conduct which should be condemned, the state sentence of at least seven years to serve amply addresses that conduct.    The  substantial  state  sentence  sufficiently  addresses

5

condemnation, protection of the public and deterrence.  The sentence here should be no greater than necessary, and should comply with U.S.S.G. § 5G1.3.

DATED this 1st day of March, 2006.

Respectfully submitted,

/s/ Sue Ellen Tatter
Assistant Federal Defender
Alaska Bar No. 7605057
550 West 7th Avenue, Suite 1600
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
sueellen_tatter@fd.org

Certification:

I certify that on March 1, 2006, a copy of the foregoing document, with attachments, was served electronically on:

Stephan Collins, Esq.

and a copy was hand delivered to:

United States Probation/Pretrial Services
222 West 7th Avenue, No. 48, Room 168
Anchorage, AK  99513-7562

/s/ Sue Ellen Tatter